UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23877-RAR

**ALEXEY DUBININ**,

    Plaintiff,

v.

**VARSENIK PAPZIAN**, *Miami Asylum Office Director,*
*United States Citizenship and Immigration Services*,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the docket and Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, [ECF No. 7]. On October 8, 2025, Defendant filed a Motion to Dismiss, [ECF No. 5], and Plaintiff filed a response on October 23, 2025, [ECF No. 6]. In Reply, Defendant alerted the Court to potentially fabricated quotations, misrepresentations of binding precedent, and non-existent authorities. *See* [ECF No. 7]. Upon the Court's review of Plaintiff's pleadings, it has identified the following deficiencies in the cited and quoted authorities:

    1.    Plaintiff states that "In *Przhebelskaya v. United States Bureau of Citizenship & Immigration Servs.*, 338 F. Supp. 2d 399, 403 (E.D.N.Y. 2004), the Eastern District of New York held that 'jurisdiction exists under 28 U.S.C. § 1361 to compel USCIS to perform a non-discretionary duty to adjudicate an adjustment of status application.'" [ECF No. 1] ¶ 15. The Court finds that this quote does not exist in the cited case.

    2.    Plaintiff states that in "*Guan v. Mayorkas*, 530 F. Supp. 3d 237, 251–52 (E.D.N.Y. 2021)" "the court held that 'an unreasonable delay claim can proceed where the agency has not adjudicated a properly filed application within a reasonable time,' and rejected the government's

assertion of unchecked discretion to delay." [ECF No. 1] ¶ 18.  Plaintiff also cites this case in support of the proposition that "Courts have consistently recognized that the agency's discretion lies in how it adjudicates an application and not in whether to adjudicate it." [ECF No. 6] at 2.  Upon review of the cited case, the Court finds that the quote does not exist, nor does it stand for its cited propositions, given that its subject matter and holding have no relation to agency delay or discretion in the adjudication of an application.  *See Guan v. Mayorkas*, 530 F. Supp. 3d 237 (E.D.N.Y. 2021) (holding that plaintiffs had standing to bring a First Amendment claim and had plausibly alleged the infringement of their First Amendment rights by defendants).

3. Plaintiff cites the following quote from "*Alkeylanu v. Dep't of Homeland Sec.*, 514 F. Supp. 2d 258, 266 (D. Conn. 2007)" in a parenthetical: "[I]t is clear that the six years during which Plaintiffs' applications have been pending qualifies as an unreasonable delay, especially where Defendants have made no showing that Plaintiffs' applications have suggested a security risk or posed any other problem that would excuse such a delay." [ECF No. 1] ¶ 26.  The Court has reviewed *Alkeylani v. Dep't of Homeland Sec.*, 514 F. Supp. 2d 258, 266 (D. Conn. 2007) and finds that the quote states that Plaintiffs' applications had been delayed **three years**, *not* six years, as Plaintiff suggests.

4. Plaintiff asserts that "*Razik v. Perryman*, No. 02-CV-5187, 2003 U.S. Dist. LEXIS 13818, at *8 (N.D. Ill. Aug. 5, 2003)" held that "the government's delay in processing an immigration benefit petition was unreasonable and remediable under the APA." [ECF No. 1] ¶ 29.  The Court is unable to identify a case with this exact citation but believes Plaintiff may be referring to *Razik v. Perryman*, No. 02 C 5189, 2003 WL 21878726 (N.D. Ill. Aug. 7, 2003).  And in this case, the Court did not hold that the government's delay was unreasonable and remediable, but rather that "Plaintiffs *could* demonstrate that…the delay [was] unreasonable and leaves them

with no other adequate remedies" such that "dismissal [would be] inappropriate." *Razik,* 2003 WL 21878726, at *2 (emphasis added).

5. Plaintiff cites *Sierra Club v. Leavitt*, 488 F.3d 904, 909–10 (11th Cir. 2007), as the case in which the Eleventh Circuit adopted the six factors for evaluating unreasonable delay claims set out in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984). [ECF No. 6] at 2. However, this case does no such thing, nor does this case have any relation to claims of unreasonable delay. *See Sierra Club, Inc. v. Leavitt*, 488 F.3d 904 (11th Cir. 2007) (affirming in part the district court's grant of summary judgment on claims brought against the EPA for violations of the Clean Water Act). And Plaintiff later quotes this case, stating that "agencies must act within 'bounds of reasoned discretion' consistent with statutory purpose", that "an unreasonable delay violates the APA even absent bad faith", and that the "APA exists to prevent an agency from 'defeating its duty by doing nothing.'" [ECF No. 6] at 3, 4–5, 7. The Court is unable, however, to identify any of these direct quotes in the opinion.

6. Plaintiff cites the case "*Rahman v. Mayorkas*, 2023 WL 3620372 (S.D. Fla. May 24, 2023)" multiple times in its Response to Defendant's Motion to Dismiss. *See* [ECF No. 6] at 3, 4, 5, 6, 7. For example, Plaintiff cites this case in support of its statement that "Courts in this District have held that citing [the "last in, first-out" scheduling policy], without more, does not establish a lawful rule of reason" and in recognition of "the humanitarian consequences of prolonged USCIS inaction." *Id*. at 3, 7. Further, Plaintiff offers direct quotes from this case at least twice. *See id.* at 4 (when "human health and welfare are at stake, delay is less tolerable"); *id.* at 5 ("Mandamus jurisdiction is proper to compel USCIS to fulfill its duty to act on a long-pending asylum application."). The Court is unable to identify this case that was purportedly decided by a Court in the Southern District of Florida. The only case that the Court can identify with a comparable name is one from the Second Circuit, which neither supports the propositions Plaintiff

cites, nor contains either of the quotations mentioned herein. *See Rahman v. Mayorkas*, No. 22-904-CV, 2023 WL 2397027 (2d Cir. Mar. 8, 2023) (upholding a district court's dismissal of an APA claim on the grounds that USCIS's denial of plaintiff's adjustment of status was lawful). And the Westlaw cite which Plaintiff offers, "2023 WL 3620372," returns an appellant's reply brief from a case in the Superior Court of California that is entirely disconnected from the subject matter of immigration. *See Doe v. McClain*, Case No. 21STCV46709, 2023 WL 3620372 (Cal. Ct. App. Div. Six 2023) (Appellate Brief).

7. Plaintiff states that "Courts in this Circuit have recognized that when 'human health and welfare are at stake, delay is less tolerable' *Rahman*, 2023 WL 3620372, at 5 (quoting *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004))." [ECF No. 6] at 4. As discussed, the Court cannot identify the *Rahman* case—and it likewise cannot locate the quotation attributed to *Kim v. Ashcroft* in that opinion. *See Kim v. Ashcroft*, 340 F. Supp. 2d 384 (S.D.N.Y. 2004).

8. Plaintiff directly quotes *Sierra Club v. Johnson*, 436 F.3d 1269 (11th Cir. 2006) twice. *See* [ECF No. 6] at 4 ("As the Eleventh Circuit has explained, resource constraints 'do not convert a mandatory duty into a discretionary one.'"); [ECF No. 6] at 6 ("The Eleventh Circuit has emphasized 'that judicial review ensures that administrative discretion remains bounded by reason and law.'"). However, the cited Eleventh Circuit case contains neither of these direct quotes.

9. In support of its proposition that agency bad faith is not required, Plaintiff states that "even an unintentional backlog can become 'so egregious as to warrant judicial intervention.' *Saleh v. Blinken*, 605 F. Supp. 3d 526, 540 (E.D. Pa. 2022)." [ECF No. 6] at 4. The Court is unable to locate the cited case, and any cases that the Court has found with a similar case caption neither contain that quote nor were brought in the Eastern District of Pennsylvania. *See, e.g., Saleh v. Blinken*, No. 5:24-CV-02450-EJD, 2025 WL 901942 (N.D. Cal. Mar. 25, 2025); *Saleh v. Blinken*, 596 F. Supp. 3d 405 (E.D.N.Y. 2022). Indeed, the Westlaw cite offered by Plaintiff

returns an entirely different case: *CIT Bank, N.A. v. Neris*, 605 F. Supp. 3d 521, 526 (S.D.N.Y. 2022).

10. Plaintiff cites "*Lomachenko v. Mayorkas*, 2023 WL 7281773 (M.D. Fla. Oct. 19, 2023)" in support of its assertion that "Courts across this Circuit have repeatedly exercised mandamus jurisdiction in similar contexts where USCIS failed to act on long-pending petitions or asylum applications." [ECF No. 6] at 6.  The Court is unable to identify any case with this name or case caption.

District Courts have inherent power to impose sanctions for bad-faith conduct.  FED. R. CIV. P. 11(c); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).  And "[a] finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (internal citation omitted).  Courts in this District have found that an attorney acted in bad faith, thereby warranting the imposition of Rule 11 sanctions, where counsel repeatedly used artificial intelligence ("AI") tools to cite hallucinated cases and quotations.  *ByoPlanet Int'l, LLC v. Johansson*, No. 0:25-CV-60630, 2025 WL 2091025, at *10–11 (S.D. Fla. July 17, 2025) (finding that attorney's use of AI "led to repeated bad-faith misrepresentations to the Court" and justified sanctions including "monetary sanctions, referral to the Florida bar, and required notification to other courts and litigants"); *see also Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-CV-81140, 2025 WL 1440351, at *4 (S.D. Fla. May 20, 2025) (finding that attorneys "violated Rule 11 in submitting a fake hallucinated case citation which allegedly supported a principle of law for which they were advocating.").

Considering the foregoing, it is hereby **ORDERED AND ADJUDGED** that on or before **November 10, 2025**, Attorney Missiva Tilleli Khacer shall **SHOW CAUSE** in writing whether she intentionally, and with the use of generative artificial intelligence tools, made

misrepresentations to the Court and why sanctions should not be imposed for misrepresentations of legal authority.  It is **FURTHER ORDERED** that a hearing on this matter shall take place on **November 17, 2025, at 1:30 PM**.  The parties shall report to Courtroom 11-2, 11th Floor, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.

      **DONE AND ORDERED** in Miami, Florida, this 3rd day of November, 2025.

                                                                               **RODOLFO A. RUIZ II**
                                                                               **UNITED STATES DISTRICT JUDGE**